**JENNER & BLOCK LLP**
David R. Singer (Cal. Bar No. 204699)
dsinger@jenner.com
Kate T. Spelman (Cal. Bar No. 269109)
kspelman@jenner.com
633 West 5th Street, Suite 3600
Los Angeles, CA  90071-2054
Phone:          (213) 239-5100
Facsimile:     (213) 239-5199

**JENNER & BLOCK LLP**
Tassity S. Johnson (*admitted pro hac vice*)
tjohnson@jenner.com
1099 New York Avenue, NW
Suite 900
Washington, DC 20001-4412
Phone:          (202) 639-6000
Facsimile:     (202) 639-6066

Attorneys for Defendant Apple Inc.

(additional counsel on signature page)

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMBASSADOR MARC GINSBERG AND THE COALITION FOR A SAFER WEB, <br><br> Plaintiffs, <br><br> v. <br><br> APPLE, INC., <br><br> Defendant. | Case No. 5:21-cv-00425-EJD <br><br> Judge:  Honorable Edward J. Davila <br><br> **JOINT CASE MANAGEMENT STATEMENT** |

Plaintiffs Ambassador Marc Ginsberg and the Coalition for a Safer Web ("CSW"), and Defendant Apple Inc. ("Apple") (together, the "Parties"), having met and conferred through their counsel via telephone on April 2, 2021, submit this Joint Case Management Conference Statement pursuant to this Court's Standing Order, the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, and Civil Local Rule 16-9.

1. **Jurisdiction and Service**

The Parties agree that Apple has been properly served and that there are no issues regarding personal jurisdiction or venue. Apple's principal place of business is in this Judicial District. Plaintiffs' position is that this Court has subject matter jurisdiction over the instant case under 28 U.S.C. § 1332. Apple intends to challenge the Court's subject matter jurisdiction based on lack of standing under Article III of the United States Constitution.

2. **Facts**

Plaintiffs seek damages and injunctive relief against Apple for allegedly allowing the Telegram Messenger app ("Telegram") to be made available through Apple's App Store despite Apple's alleged knowledge that Telegram is being used to intimidate, threaten, and coerce members of the public. The Complaint asserts that Apple has clearly defined policies and guidelines prohibiting applications such as Telegram from being used in such a manner, yet (according to Plaintiffs) chooses not to enforce those policies and guidelines. The Complaint further alleges that, as a result, Plaintiff Ginsberg has suffered economic losses as well as emotional distress as a member of one of the groups targeted by Telegram's users. The complaint asserts causes of action for negligent infliction of emotional distress, violation of the "unfair" prong of California's Unfair Competition Law (Bus. & Prof. Code § 17200 *et seq.*) (the "UCL"), and violation of the "unlawful" prong of the UCL.

Apple denies these allegations, and any allegations of wrongdoing. Apple denies any liability whatsoever.

3. **Legal Issues**

Apple will be moving to dismiss the complaint on the following grounds: (1) Section 230 of the Communications Decency Act bars all of Plaintiffs' claims because Plaintiffs seek to hold Apple liable for user-generated content in Telegram; (2) the Court does not have subject matter jurisdiction over this case because Plaintiffs lack standing under Article III of the United States Constitution; and (3) Plaintiffs' claims must be dismissed for failure to state a claim.

Other legal issues Apple will address include whether Plaintiff has suffered the requisite severity of distress to recover for a negligent infliction of emotional distress claim, and whether Plaintiff CSW has suffered any injury at all.

4. **Motions**

As noted above, Apple intends to file a motion to dismiss the complaint.  If this case proceeds past the motion to dismiss stage, the Parties reserve the right to file other motions, including motions for summary judgment.

5. **Amendment of Pleadings**

Plaintiffs have stated that they intend to amend their complaint in response to Apple's motion to dismiss.  Apple's position is that, to the extent Plaintiffs do not file an amended complaint before the Court rules on Apple's motion to dismiss, the motion should be granted with prejudice and without leave to amend because any amendment would be futile.

The Parties agree that it is premature to set a deadline for amending the pleadings at this stage.

6. **Evidence Preservation**

The Parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, and that they met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps to preserve evidence.

7. **Disclosures**

The Court granted the Parties' stipulation to, among other things, stay discovery (including Rule 26 disclosures) for 120 days as of the filing of the stipulation with an option to extend the stay by mutual agreement. ECF No. 16.

8. **Discovery**

Discovery is currently stayed pursuant to the stipulation entered by the Court. ECF No. 16. Should this case proceed past the motion to dismiss stage, the Parties will meet and confer regarding a potential discovery plan and stipulated protective order and ESI protocol.

9. **Class Actions**

This is not a class action.

10. **Related Cases**

The Parties are not aware of any related cases pursuant to Local Rule 3-12.

11. **Relief**

Plaintiffs seek undisclosed damages and injunctive relief against Apple as set forth in the Complaint. Apple's position is that Plaintiffs are not entitled to any relief from Apple. At this stage of the litigation, Apple is not in a position to describe the bases on which any alleged damages should be calculated in the event liability were established notwithstanding Plaintiffs' failure to state a claim, the Court's lack of subject matter jurisdiction, and Apple's federal statutory immunity from both suit and liability in this matter.

12. **Settlement and ADR**

The Parties do not believe that ADR or settlement discussions will be fruitful at this time.

13. **Consent to Magistrate Judge For All Purposes**

Plaintiffs have already declined assignment of this case to a Magistrate Judge. *See* ECF No. 5.

14. **Other References**

The Parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation at this time.

15. **Narrowing of Issues**

This case is still in its initial stages and, as such, there are no issues that can be narrowed by agreement. Apple's anticipated motion may result in the dismissal of one or more causes of action. The Parties will continue to meet and confer about any issues that might be narrowed where appropriate.

16. **Expedited Trial Procedure**

The Parties agree that this action need not proceed on an expedited basis.

17. **Scheduling**

The Court entered the Parties' stipulation (1) staying discovery (including Rule 26 disclosures) for 120 days as of the filing of the stipulation with an option to extend the stay by mutual agreement; and (2) continuing the case management conference until 30 days after the Court rules on Apple's motion to dismiss, or such other date established by the Court. ECF No. 16. The Parties agree that it is premature to establish dates for designation of experts, discovery cutoff, pretrial conference, and trial, particularly given that Plaintiffs intend to file an amended complaint, and Apple anticipates moving to dismiss that amended complaint.

18. **Trial**

Plaintiffs have requested a jury trial. Apple reserves its rights to challenge Plaintiffs' entitlement to a jury trial for certain of their claims and remedies. The Parties agree that it is premature to formulate a view at this time regarding the expected length of any trial to the extent the case proceeds past the motion to dismiss stage.

19. **Disclosure of Non-party Interested Entities or Persons**

Apple has complied with Civil Local Rule 3-15 by filing its Certification of Interested Entities or Persons, which certified that there was no such interest to report.

20. **Professional Conduct**

All attorneys of record for the respective Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. **Other Matters**

The Parties are not presently aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

Dated:  April 12,  2021						Jenner & Block LLP

								By: /s/ David R. Singer
								David R. Singer

								Attorneys for Defendant Apple Inc.

Dated:  April 12,  2021						THE LAW OFFICE OF
								KEITH ALTMAN

								By: /s/ Keith L. Altman
								Keith L. Altman
								30474 Fox Club Dr.
								Farmington Hills, MI 48331
								(516) 456-5885
								kaltman@lawampmmt.com

								Attorneys for Plaintiffs Ambassador Marc Ginsberg and Coalition for a Safer Web

## ATTESTATION

I, David R. Singer, am the ECF user whose ID and password are being used to file this Joint Case Management Statement. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from signatory Keith L. Altman.

Dated:   April 12, 2021               JENNER & BLOCK LLP


By:   /s/ David R. Singer
      David R. Singer

      Attorneys for Defendant Apple Inc.