**JENNER & BLOCK LLP**
David R. Singer (Cal. Bar No. 204699)
dsinger@jenner.com
Kate T. Spelman (Cal. Bar No. 269109)
kspelman@jenner.com
633 West 5th Street, Suite 3600
Los Angeles, CA  90071-2054
Phone:        (213) 239-5100
Facsimile:    (213) 239-5199

**JENNER & BLOCK LLP**
Tassity S. Johnson (*admitted pro hac vice*)
tjohnson@jenner.com
1099 New York Avenue, NW
Suite 900
Washington, DC 20001-4412
Phone:        (202) 639-6000
Facsimile:    (202) 639-6066

Attorneys for Defendant Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMBASSADOR MARC GINSBERG AND THE COALITION FOR A SAFER WEB,<br><br>                              Plaintiffs,<br><br>         v.<br><br>APPLE INC.<br><br>                              Defendant. | Case No. 5:21-cv-00425-EJD<br><br>The Honorable Edward J. Davila<br><br>**DEFENDANT APPLE INC.'S RESPONSE TO PLAINTIFFS' STATUS REPORT** |

Defendant Apple Inc., erroneously sued as Apple, Inc. ("Apple"), filed a motion to dismiss Plaintiffs' complaint on June 25, 2021.  ECF No. 26.  That motion is still pending.  After that filing, Plaintiffs twice requested that Apple agree to an extension of their deadline to oppose the motion on the grounds that Plaintiffs' counsel had health issues; Apple agreed to those requested extensions; and the Court granted the parties' stipulations.  ECF Nos. 27, 28, 29, 30.  On August 6, 2021, Plaintiffs moved for an emergency continuance of all dates and deadlines on the basis that Plaintiffs' counsel was "battling ongoing serious medical problems."  ECF No. 31.  On August 13, 2021, Apple filed a response stating that it did not oppose Plaintiffs' requested continuance.  ECF No. 32.  On August 19, 2021, the Court granted Plaintiffs' request, requiring Plaintiffs and their counsel to file a status report by September 20, 2021, informing the Court if a further continuance would be needed.  ECF No. 33.  Plaintiffs filed that status report on September 17, 2021, requesting a further continuance due to (1) Plaintiffs' counsel's continuing serious health problems; *and (2) the pendency of three unrelated*[1] *cases in the Ninth Circuit.*  ECF No. 34.

Consistent with its August 13, 2021, response to Plaintiffs' initial requested continuance (and its prior willingness to extend Plaintiffs' deadline to oppose the motion to dismiss), Apple does not oppose Plaintiffs' request for a further reasonable continuance of all deadlines and discovery due to Plaintiffs' counsel's stated serious health problems.  Apple objects, however, to Plaintiffs' improper additional request to extend the continuance based on reasons other than their counsel's health problems.[2]  Had Plaintiffs raised their additional arguments in their August 6, 2021 filing, Apple would have objected.  It is also not clear that the Court would have granted the request.  Finally, if Plaintiffs wish to seek a continuance on some basis other than Plaintiffs' counsel's health, they should be required to bring a noticed motion, providing Apple a meaningful opportunity to respond.

---

[1] Plaintiffs did not identify any of these cases as being "related" to this action under Civil L.R. 3-12.

[2] Plaintiffs assert that "[t]here are currently three pending cases on the Court of Appeals of the Ninth Circuit docket that have the potential to affect the substantive law involved in this case." ECF No. 34 ¶ 3.  Plaintiffs conspicuously omit that the Ninth Circuit issued a ruling on these consolidated appeals on June 22, 2021, confirming the broad application of Section 230 and affirming the dismissal of claims seeking to hold an interactive computer service liable for allowing a terrorist organization to post offensive videos on the platform.  *See Gonzalez v. Google LLC*, 2 F.4th 871 (9th Cir. 2021). The Ninth Circuit allowed only one claim to survive dismissal – that Google may have aided and abetted a terrorist organization by sharing revenues from advertising that Google embedded in the terrorists' videos. Here, Plaintiff is not alleging facts even remotely close to that.

1

2  Dated:  September 20, 2021                    Jenner & Block LLP

3

4  By: /s/  David R. Singer
                                                     David R. Singer

5                                                    Attorneys for Defendant Apple Inc.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RESPONSE TO PLAINTIFFS' STATUS REPORT
CASE NO. 5:21-CV-00425-EJD